Matthias, J.
The issue made in this case calls for a consideration of the duties imposed by statute upon the trial judge in relation to proceedings in error, and particularly with reference to the correction and allowance of a bill of exceptions. These statutes have been enacted for the purpose of regulating and facilitating proceedings in error pursuant to the right of review conferred by the constitution, which right is subject only to limitations as to time and method of procedure provided by law. Such statutes are of a remedial character and should therefore be liberally construed with a view to securing and safeguarding this right, which should be promoted by the trial court and never wrongfully impeded or impaired. These statutory provisions should be considered with this elementary principle of construction as a guide. Exceptions to the decision of a court upon a matter of law must be reduced'to writing and filed in the cause within the period specified. The adverse party may then file “any objection or amendment he proposes to such bill for its correction,” and the same together with the bill of exceptions are transmitted to the trial judge. His duty in the premises is prescribed by *79 Section 11566, General Code, which is as follows: “The trial judge or judges, upon the receipt of the bill shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately trans- ■ mit or cause it to be transmitted to the office of the clerk from whom it was received, with any amendment or objection thereto.”
Section 11569, General Code, authorizes the trial judge to extend the time for signing and allowing a bill of exceptions. It is to be observed that the adverse party, for the purpose of correcting the bill of exceptions, may make objections or propose amendments thereto, and it is made the duty of the trial judge to correct such bill of exceptions, if necessary, and then to allow and sign it.
In the case giving rise to this mandamus proceeding it appears that there was no attempt or expectation of procuring a reversal of the judgment upon the ground that it was against the weight of the evidence, or to seek any review thereof upon the weight of the evidence. The bill of exceptions prepared discloses exceptions to rulings of the' court upon the admission and rejection of evidence. The objection filed thereto is upon the ground that it is incomplete and that it is not accurate in that it shows exceptions when none was noted. These were matters within the knowledge of the trial court, or if he had not definite recollection with regard thereto, so as to determine the questions thus presented, the stenographer who was present at the trial and took the evidence in shorthand was available, and with his notes at hand to readily refresh his memory the stenographer could have materially aided the court *80 in determining the questions presented and in correcting the bill of exceptions.
While a trial judge may not be required to prepare a bill of exceptions for a party, it was clearly the duty of the trial judge under the circumstances here presented to make an effort to determine the issues between the parties as to the correctness of the statements in the bill of exceptions presented. Surely it is the duty of a trial court to assist in securing and safeguarding the rights of a party litigant, even his rights to’prosecute error from that court’s judgment.
The relator in this action did not seek an order requiring the trial judge to allow and sign the bill of exceptions presented, but to proceed to correct the same, if incorrect, and, as corrected, to allow and sign it. Justice to the party requires a reasonable effort upon the part of the court to correct a bill of exceptions which is charged by the adverse party or claimed by the court to be an incorrect bill of exceptions.
The statement of the court in Poteet v. County Commissioners, 30 W. Va., 58, at page 89, is applicable here: “But the duty of the judge is not ended and fully discharged, when he merely refuses to sign a particular bill tendered, on the ground that the truth of the case is not fairly stated therein. He should go further. He should proceed with the aid of counsel to settle the bill and when settled to sign it.”
The trial judge, in the case involved in this proceeding, being unable, as stated, to make correction of the bill of exceptions from his memory or the memoranda in his possession, refused to further *81 attempt to make corrections, Ms refusal evidently being based upon tbe wholly erroneous notion that the stenographer was prohibited by the provisions of Section 13410, General Code, from giving testimony, and for that reason he refused to require or permit the stenographer to answer questions propounded which were calculated to elicit information upon the subject, and refused to avail himself in any manner of the aid wMch the stenographer was able to furnish and which he should have been reqMred to furnish notwithstanding the fact that he was not a reporter appointed by the court, but was in the employment of the plaintiff in such action.
Section 13410, General Code, is as follows: “Whoever being employed as a stenographer, furnishes to a person other than his employer, without the consent of such employer, a transcript or copy of all or a portion of any matter taken by Mm while so employed or reads it to or permits it to be read by a person other than his employer, without such employer’s consent, or discloses it, or the purport thereof, to any person other than his employer without such employer’s consent, shall be fined not less than twenty-five dollars nor more than five hundred dollars or imprisoned not more than six months or both. This section shall not apply when the person so employed is called as a witness and is directed to testify by a proper court as to matters witMn his employment.”
This section could have no possible application to a stenographer acting in a public trial, or to information in his possession secured by him while so acting, although in the employment of one of the parties for that purpose, and it could have no appli *82 cation because it is expressly provided that it shall not apply to such person when called as a witness.
It follows that the court of appeals did not err in the issuance of its writ of mandamus requiring the respondent to correct, and, thereafter, as corrected, to allow and sign such bill of exceptions, and if necessary to that end call to his aid for the purpose of refreshing his recollection the advices of counsel and the stenographer who acted as the reporter during the trial.

Judgment affirmed.

Marshall, C. J.,. Hough, "Wanamaker, Robinson, Jones and Clark, JJ., concur.